**HUI MIN SHI–LU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3116–ag.

United States Court of Appeals, Second Circuit.

April 27, 2007.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

John L. Brownlee, United States Attorney for the Western District of Virginia, Sharon Burnham, Assistant United States Attorney, Roanoke, VA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Hui Min Shi–Lu, a native and citizen of the People's Republic of China, seeks review of a June 13, 2006 order of the BIA affirming the February 18, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Min Shi–Lu,* No. A 97 745 440 (B.I.A. June 13, 2006), *aff'g* No. A 97 745 440 (Immig. Ct. N.Y. City Feb. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Shi–Lu failed to challenge before the BIA the denial of her claims based upon her alleged illegal departure from China and the possible birth of additional children, we will not address these claims now. *See Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007). With respect to Shi–Lu's claims based on her alleged forced abortion and threats of harm related to this incident, we review the IJ's decision as affirmed by the BIA, including the portions not explicitly discussed by the BIA.

*See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335–38 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ The agency's adverse credibility finding is not evidence. Any alleged Shi–Lu's understanding of conception the record nor material to her a forced abortion. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Similarly, the IJ's finding that Shi–Lu's testimony was vague regarding her conversation with her boyfriend was immaterial to her claim and not supported by the record, in that the IJ failed to identify what about the testimony was vague or to probe further in order to draw out additional details. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003).

It was also impermissibly speculative to find implausible that Shi–Lu, knowing that she was in violation of the family planning laws, would confirm her pregnancy with a doctor rather than taking an at-home

pregnancy test and that her doctor would not inform her of her due date. *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 110 (2d Cir.2006). Such findings relied upon unsupported assumptions about the Chinese medical system. *See id.* Implausibilities premised upon speculation cannot support an adverse credibility determination. *See Zhi Wei Pang v. BCIS*, 448 F.3d 102, 111 (2d Cir.2006); *Xiao Ji Chen*, 471 F.3d at 336.

Similarly, in finding it implausible that Shi–Lu would hide in her parents' home knowing that a family planning official lived nearby, the IJ gave no indication that he considered Shi–Lu's explanation that she simply did not know where else to go. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005); *Pavlova v. INS*, 441 F.3d 82, 89–90 (2d Cir.2006). The IJ also found it implausible that the family planning official failed to investigate Shi–Lu's home immediately after he saw her. However, the IJ failed to give Shi–Lu an opportunity to reconcile this non-dramatic implausibility, and, therefore, it cannot support the adverse credibility determination. *See Zhi Wei Pang*, 448 F.3d at 109–10. Finally, with respect to the IJ's finding that it was implausible that Chinese officials would find Shi–Lu at her aunt's house, we find that it requires no stretch of the imagination to believe that government officials would look for a wanted person at her relative's home. Because we cannot confidently predict that the agency would adhere to its decision regarding Shi–Lu's credibility absent the errors discussed, we cannot affirm the agency's denial of relief on the basis of credibility. *See Xiao Ji Chen*, 471 F.3d at 336.

■ While the IJ made an alternative finding that Shi–Lu, even if she testified credibly, failed to sustain her burden of proof due to her vague testimony and insufficient corroboration, this determination was also flawed. In order to find that an applicant has failed to sustain her burden of proof due, in part, to the vagueness of her testimony, an IJ must probe for incidental details in order to create a record to support that finding. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005). Because the IJ failed to do this, or even cite which details he found absent from Shi–Lu's testimony, the vagueness finding is not supported by the record. *See id.* All that remains is the IJ's determination that Shi–Lu's claim was undermined by her failure to produce an affidavit from her aunt. This finding, on its own, cannot support the IJ's determination that Shi–Lu failed to sustain her burden of proof. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir.2006).

For the foregoing reasons, to the extent that petitioner's claims are based on her forced abortion and threat of future harm related to this incident, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Petitioner's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).