**BEN KUI CHEN, Petitioner,**

v.

**Peter D. KEISLER [1], Acting Attorney General, Respondent.**

**No. 06–4799–ag.**

United States Court of Appeals, Second Circuit.

Oct. 10, 2007.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Alan Lee, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Emily Anne Radford, Assistant Director, Vanessa O. Lefort, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

**2.** Because Chen failed to raise his CAT claim in his brief, we deem that claim waived. *See*

## SUMMARY ORDER

Ben Kui Chen, a native and citizen of the People's Republic of China, seeks review of a September 19, 2006 order of the BIA affirming the May 6, 2005 decision of Immigration Judge ("IJ") Alan Vomacka denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Ben Kui Chen,* No. A79 682 442 (B.I.A. Sept. 19, 2006), *aff'g* No. A79 682 442 (Immig. Ct. N.Y. City May 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a threshold matter, we must reject the Government's contention that Chen failed to exhaust the issues raised in his petition. Chen's brief to the BIA argued that he had "testified clearly and consistently ... and the [IJ] failed to analyze his testimony as such." The omitted detail would not "constitute [ ] a ground, in and of itself, on which an IJ's denial of [relief] may be based." *See Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007).

As to the merits, when the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir.2004), *overruled on other grounds, Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007).

Applying this standard, we conclude the IJ's adverse credibility finding rested on significant inconsistencies between Chen's testimony and a letter he submitted to the

*Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

IJ, purportedly on behalf of the Shaman Christian Church, a government-registered church in China. The letter states Chen "became a Christian believer in 1997," an assertion the IJ found was inconsistent with Chen's earlier testimony that he first began attending the Shaman Christian Church when he was an infant and had been baptized when he was three or four years old. Furthermore, although he denied that the letter was a forgery, Chen's claim to have requested it at the suggestion of his former attorney is belied by the date of the letter, which preceded the attorney's representation. Chen tried to explain the inconsistencies, but a reasonable fact-finder would not have been compelled to credit his explanations, and the IJ acted reasonably in not doing so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Moreover, contrary to Chen's argument, the letter was not merely an ancillary matter, but went to the heart of his claim that he faced persecution because he was a Christian. *See Secaida–Rosales,* 331 F.3d at 308–09. The IJ sought other evidence that would corroborate Chen's religious practices. *See Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000) (observing that "corroborating evidence (or an explanation for its absence) may be required if it would reasonably be expected, even where the applicant's testimony is credible"). After observing that Chen had not, as promised, submitted an updated letter from his current church, the IJ permissibly weighed that against Chen's overall credibility.

To be sure, the IJ's decision is not a model of clarity in all respects. But taken as a whole, we conclude that it was supported by substantial evidence and provided a valid basis for the denial of asylum and withholding of removal. *See Secaida–Rosales,* 331 F.3d at 307; *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). As such, we do not reach the alternative rationale offered for the BIA's decision.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).