**Agus Hasari STEEVENEZ, Petitioner,**

**v.**

**Alberto GONZALES, United States Attorney General, Respondent.**

**Docket No. 06–2114–ag.**

United States Court of Appeals, Second Circuit.

Argued: Jan. 22, 2007.

Decided: Feb. 6, 2007.

David J. Rodkin, New York, NY, for Petitioner.

Eleanor Darden Thompson, Assistant United States Attorney (John C. Richter, United States Attorney for the Western District of Oklahoma, on the brief), Oklahoma City, OK, for Respondent.

Before: STRAUB, HALL, Circuit Judges, TRAGER, District Judge.*

PER CURIAM:

Petitioner Agus Hasari Steevenez asks this Court to review the April 24, 2006 decision of the Board of Immigration Appeals ("BIA") affirming the November 18, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying Steevenez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Agus Hasari Steevenez*, No. A 97 152 815 (B.I.A. Apr. 24, 2006), *aff'g* No. A 97 152 815 (Immig. Ct. N.Y. City Nov. 18, 2004). Steevenez contends that by arguing before the BIA that the government failed to introduce evidence of changed country conditions sufficient to support the IJ's denial of his application for withholding of removal, he raised, at least by implication, the argument he advances in his petition—that the IJ erred in finding that safe relocation in Indonesia is a viable option for Steevenez and denying his application for withholding of removal on that basis. Steevenez argues, therefore, that he exhausted his administrative remedies with respect to the argument he now raises before this Court in support of his withholding of removal claim. Steevenez asserts, in addition, that he is entitled to relief under the CAT. We

---

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

conclude that Steevenez failed to exhaust his administrative remedies with respect to both his withholding and CAT claims. Accordingly, we deny the petition for review.

## I. Background

Steevenez, 39–years–old as of his 2004 hearing before the IJ, is married and a native of Jakarta, Indonesia. He is ethnic Chinese and a practicing Pentecostal Christian. Steevenez owned a printing business in Jakarta. At his hearing before the IJ, Steevenez testified that, while living in Jakarta, he suffered repeated incidents of threats, intimidation, and violence at both his home and place of business at the hands of Muslim extremists on account of his ethnicity and religion. In one such incident, those extremists broke up a family prayer meeting attended by Steevenez, his wife, and fourteen to fifteen other members of their Church. During the course of that incident, two of Steevenez's teeth were broken, and his wife suffered a cut above her eye.

Steevenez entered the United States on November 24, 2000, at Minneapolis, Minnesota. Steevenez's business in Indonesia is currently open and being run by a relative. He has one daughter. Both his wife and daughter live in Jakarta. There is no evidence in the record that any violence has been directed toward his family or business since he left Indonesia.

At Steevenez's hearing before the IJ, counsel asked him whether he could avoid violence by moving with his wife and child to another part of Indonesia. Steevenez responded that he could not because his child has to go to school there. Steevenez was then asked whether his child could change schools, to which he responded that he would feel sorry for her because it would require her to adapt to a new envi-

ronment. When asked whether subjecting his daughter to such adaptation would be better than risking her personal safety, Steevenez responded, "[t]hat's true...."

In his decision of November 28, 2004, the IJ found Steevenez statutorily ineligible for asylum, as he failed to file within one year of his arrival in the United States and did not qualify for any exemption.[1] With regard to Steevenez's withholding claim, the IJ found that Steevenez was not likely to be persecuted should he return to Indonesia. The IJ based that finding on: (1) country reports demonstrating dramatically improved conditions for ethnic Chinese in Indonesia; (2) the lack of violence targeted at Steevenez's family or business since he left Indonesia—years ago; and (3) the lack of evidence that Steevenez could not relocate in safety to another part of Indonesia. The IJ also determined that Steevenez failed to establish that he would more likely than not be tortured upon his return to Indonesia. The IJ based that ruling on: (1) the lack of evidence that the government or an agent of the government would torture Steevenez; (2) evidence that, in the past, authorities have attempted to assist Steevenez; and (3) country reports detailing steps the new Indonesian government has taken to protect Chinese Christians.

Steevenez appealed *pro se* to the BIA. His brief to the BIA includes a discussion section that reads, in its entirety:

> Appellant believes that he satisfied the requirements of withholding of removal. Respondent, an Indonesian of ethnic Chinese descent who practices Christianity, has every reason to believe that it is more likely than not that he will be targeted for persecution if he returns to Indonesia. Notwithstanding the Judge's

---

1. The BIA affirmed the IJ's denial of Steevenez's application for asylum, and Steevenez does not challenge that determination in this petition for review.

finding that Respondent's claim is undermined by the fact that his family in Indonesia has not been persecuted, Respondent has been the subject of anti-Christian anti-Chinese violence in the past and deserves a presumption of persecution in the future. Respondent does not believe that the government has introduced evidence of changed country conditions sufficient to overcome this presumption.

The BIA adopted and affirmed the IJ's decision. With respect to withholding of removal, the BIA held that in his brief to the board Steevenez failed to challenge the IJ's finding that, if there is a risk of persecution, it is localized, and relocation within Indonesia is a viable option for Steevenez. The BIA was thus unable to conclude that the IJ clearly erred in denying Steevenez's application for withholding of removal.

## II. Discussion

■ "A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right...." 8 U.S.C. § 1252(d)(1). In *Lin Zhong v. Gonzales,* No. 02–4882, 2006 U.S.App. LEXIS 32334 (2d Cir. Jan. 17, 2007), we recently clarified that while not jurisdictional, issue exhaustion is mandatory. To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). Since removal may be improper for any number of reasons, generalized protestations or the mere statement that removal would be improper lack the specificity required for preservation. *See id.* While this Court will not limit the petitioner "to the exact contours of his argument below" in determining whether the petitioner exhausted the issue, the issue raised on appeal must be either a "specific, subsidiary legal argument[ ]" or

"an extension of [an] argument ... raised directly before the BIA." *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (internal quotation marks and citation omitted).

■ In his brief to the BIA, Steevenez made the general claim that he is entitled to withholding of removal, but addressed only two of the three specific findings upon which the IJ's denial of Steevenez's application was based—the lack of violence targeted at his family since his departure and the evidence of changed country conditions in Indonesia. Steevenez's assertion that the argument that he cannot relocate in safety is an extension of his argument that country conditions in Indonesia have not changed is belied by both the Immigration and Nationality Act ("INA") regulations that govern withholding of removal, and this Circuit's case law, which treat those issues as analytically distinct. *See* 8 C.F.R. § 1208.16(b)(1)(i) (stating that the presumption that an applicant will suffer future persecution can be rebutted where either: (A) a "fundamental change in circumstances" negates the threat of persecution; *or* (B) "[t]he applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and[ ] ... it would be reasonable to expect the applicant to do so"); *Singh v. BIA,* 435 F.3d 216, 219 (2d Cir.2006) (explaining that an IJ's findings with respect to changed country conditions and an alien's ability to relocate in safety are both independently capable of supporting an IJ's denial of an alien's application for withholding of removal).

While, in many instances, the facts relevant to the issue of changed country conditions may also be relevant to the issue of safe relocation, the two issues are nonetheless distinct. An alien's ability to relocate safely constitutes a ground, in and of itself, on which an IJ's denial of withholding of

removal may be based, irrespective of an IJ's determination, if any, with respect to changed country conditions. Here, even if Steevenez is correct in his argument to the BIA that he is entitled to a presumption of future persecution and that the government's evidence of changed country conditions was insufficient to rebut that presumption, he failed to address in any way the separate issue, governed by a separate subsection of 8 C.F.R. § 1208.16(b)(1)(i), of whether the government's evidence of his ability to relocate safely was sufficient, on its own, to rebut that presumption. Thus, we cannot hold that where, as here, an alien addresses only the issue of changed country conditions in his brief to the BIA, he somehow raises by implication the issue of his ability to relocate in safety, especially where he has acknowledged before the IJ, as Steevenez did, that he could relocate in safety.

In sum, even though we construe "generously" Steevenez's *pro se* brief to the BIA, *see Foster*, 376 F.3d at 78, because INA regulations allow for the denial of withholding of removal based solely on a finding that an alien can relocate in safety, and because Steevenez not only failed to address, even in passing reference, that determination, but also acknowledged its validity at his hearing before the IJ, we find Steevenez failed to exhaust his administrative remedies with respect to his application for withholding of removal.[2]

---

**2.** In addition to his argument that this Court may properly review the agency's disposition of his withholding claim, Steevenez argues that the BIA erred by failing to consider that claim. Although this Court has not determined a standard of review of the BIA's procedural determination that a claim before the BIA has been waived, even if we were to review that determination de novo, we could not find, in light of our holding that Steevenez failed to exhaust his administrative remedies with respect to his withholding claim, that the

For the same reason, we find that Steevenez failed to exhaust his administrative remedies with respect to his CAT claim, which is referenced nowhere in his brief to the BIA. Accordingly, Steevenez's petition for review is denied in its entirety. *See* 8 U.S.C. § 1252(d)(1).

### III. Conclusion

For these reasons we deny the petition for review.

---

BIA erred in considering that claim waived. Steevenez has cited no authority, and we are aware of none, suggesting that the specificity required of an alien to raise sufficiently an issue for review by the BIA is any more lenient than the specificity required of an alien to preserve an issue for review by this Court. To so conclude would create, moreover, the anomalous situation where the BIA would be forced to consider a claim that this Court, absent that consideration by the BIA, would be barred from reviewing.