Yvonne Kurniati **RACHMAT**, Chandra Mihardja, Ruth Martha, Hannah Regina, Lucas Nehemiah, Petitioners,

v.

Alberto R. **GONZALES**, Respondent.

No. 06–2874–ag.

United States Court of Appeals, Second Circuit.

April 18, 2007.

Jay Ho Lee, New York, New York, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Cindy Ferrier, Senior Litigation Counsel, R. Alexander Goring, Attorney, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioners Yvonne Kurniati Rachmat, Chandra Mihardja, Ruth Martha, Hannah Regina, and Lucas Nehemiah, citizens of Indonesia, seek review of the May 22, 2006 order of the BIA affirming the November 18, 2004 decision of Immigration Judge ("IJ") William F. Jankun denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yvonne Kurniati Rachmat, et al.,* No. A95 240 729 (B.I.A. May 22, 2006), *aff'g* No. A95 240 729 (Immig. Ct. N.Y. City Nov. 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). Because the BIA assumed Rachmat's credibility, we will also assume, but not determine, her credibility. *Cf. Yan Chen,* 417 F.3d at 271–72.

In her brief submitted to the BIA, Rachmat did not challenge any of the IJ's findings with respect to past persecution, therefore her arguments to that effect before this Court are not exhausted and we decline to consider them. *See generally Gill v. INS,* 420 F.3d 82 (2d Cir.2005); *see*

*also Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007). (per curiam)

Because Rachmat did not establish past persecution, she was not entitled to the presumption that her fear of future persecution was well-founded. *See* 8 C.F.R. § 208.13(b)(1). Contrary to Rachmat's arguments, the BIA did not engage in improper fact-finding by examining country reports in the record to determine whether or not her fear of persecution was well-founded, *see Yan Chen,* 417 F.3d at 272–75, a determination that included an examination of the possibility of relocation, *see* 8 C.F.R. § 208.13(b)(2)(ii), (b)(3). It was the BIA's duty to consider information in the record relative to conditions in Indonesia. *See Yan Chen,* 417 F.3d at 272–73. Moreover, although the IJ did not make specific findings with respect to whether it was reasonable for Rachmat to relocate in Indonesia, the BIA could consider the matter. *See Hong Ying Gao v. Gonzales,* 440 F.3d 62, 71–72 (2d Cir.2006) (directing the BIA to examine whether petitioner could avoid persecution by relocating, *and* whether it would be reasonable for petitioner to do so) (citing 8 C.F.R. § 208.13(b)(2)(ii)).

The BIA had the authority to consider the possibility of relocation and its effect on Rachmat's fear of persecution on account of her religion; however, the BIA's analysis was nevertheless defective in two respects. First, while it is clear that the BIA considered parts of the State Department's International Religious Freedom Report discussing violence against Christians in certain provinces in Indonesia, Rachmat points to other passages in the same report that the BIA did not consider and that discuss violence and destruction of churches very near to her home in Bogor, which is about 30 miles from Jakarta, in the province of West Java. This evidence corroborated her subjective fear of persecution and provided a basis for asserting that this fear was objectively reasonable. *See Yan Chen,* 417 F.3d at 272, 274. Evidence of violence against Christians and destruction of churches in or near Rachmat's hometown in Indonesia was not "a factor ... too insignificant to merit discussion" and should have been examined by the BIA. *Id.* at 273 (internal quotation marks omitted).

Furthermore, the BIA's decision was defective in that, while the BIA examined whether Rachmat could avoid persecution in Indonesia, it did not examine whether relocation within Indonesia would be reasonable for someone in her particular circumstances, as required by 8 C.F.R. § 208.13(b)(2)(ii). *Hong Ying Gao,* 440 F.3d at 71–72. Moreover, the aforementioned problems are intertwined with one another as an evaluation of whether or not it is reasonable for Rachmat to relocate must be done in light of a complete picture of the current conditions facing Christians in Indonesia. Such an analysis must include an evaluation of the conditions in her home region of West Java, where the BIA apparently assumed she could live safely. Accordingly, we remand on the limited issues of whether, after a complete analysis of the record, it is reasonable to expect Rachmat to relocate within Indonesia, and whether her fear of persecution on account of her religious beliefs is well-founded.[1]

---

1. Regarding the BIA's finding that Rachmat's fear of future persecution on account of her Chinese ethnicity was not well-founded, the country reports in the record support the conclusion that although incidents of discrimination occur, there is no evidence of persecution. Because this finding was supported by substantial evidence, it will not be disturbed. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7.

18

Because the BIA assumed Rachmat's testimony that she is a Christian, the only other factor that must be established with respect to her withholding of removal claim is whether, if returned to Indonesia, "[s]he would likely be persecuted on the basis of her religious beliefs." *Paul v. Gonzales,* 444 F.3d 148, 157 (2d Cir.2006). Evidence of violence against Christians and of destruction of churches near Rachmat's hometown in Indonesia "would clearly bear on this objective inquiry." *Id.* Thus, we also remand Rachmat's withholding claim as it pertains to threats to her life or freedom on account of her religion.

Rachmat failed to sufficiently argue her claim for CAT relief in her brief to this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, it is deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED. The stay of removal that the Court previously granted in this petition is VACATED.