**Harvey GUNAWAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–5007–ag.**

United States Court of Appeals, Second Circuit.

May 30, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Stephen J. Flynn, Senior Litigation Counsel, Joanne E. Johnson, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Harvey Gunawan, a native and citizen of Indonesia, seeks review of an October 6, 2006 order of the BIA affirming the June 1, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harvey Gunawan*, No. A98 480 308 (B.I.A. Oct. 6, 2006), *aff'g* No. A98 480 308 (Immig. Ct. N.Y. City June 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and BIA's opinions for the sake of completeness. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review legal issues, and the application of law to fact, *de novo. See Secaida–Rosales v. INS*, 331·F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's and BIA's conclusions that Gunawan failed to meet his burden of proof. We note that Gunawan conceded before the IJ that he did not experience past persecution. Moreover, his argument to this Court that the IJ failed to consider his evidence of past persecution in the aggregate is belied by the record; we find that the IJ adequately considered Gunawan's allegations of past harm before concluding that they

did not rise to the level of persecution. *Cf. Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005).

Having failed to establish past persecution, Gunawan was not entitled to the presumption of a well-founded fear of future persecution. *Cf.* 8 C.F.R. § 1208.13(b)(1). In order to prevail, he was required to establish a pattern or practice of persecution against Chinese Christians in Indonesia. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(A). The IJ and BIA reasonably determined that he failed to establish such a pattern or practice, in light of the BIA's finding in a 2005 published opinion that the treatment of Chinese Christians in Indonesia did not rise to this level. *See Matter of A–M–,* 23 I. & N. Dec. 737, 741 (BIA 2005). Moreover, the IJ's thorough analysis of the 2003 and 2004 State Department reports illustrated that conditions had not changed materially in recent years, and that the government was taking action to control acts of violence against Christians.

In light of the evidence that Indonesia has a sizeable Christian population, who are the majority in some provinces, the IJ and BIA also found that internal relocation was a feasible option for Gunawan to avoid future persecution. *See* 8 C.F.R. § 1208.13(b)(3). Because this finding constitutes an independent reason to deny his asylum and withholding claims, *see id.,* and Gunawan failed to challenge it before either the BIA or this Court, he cannot prevail on either claim. *Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007). Finally, Gunawan's CAT claim is deemed waived, because he failed to address it meaningfully in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.