Parmjeet SINGH, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 05–0001–ag.

United States Court of Appeals, Second Circuit.

Aug. 14, 2007.

Parmjeet Singh, pro se, Jamaica, NY, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Thomas Burton Thompson, Assistant United States Attorney, Lafayette, LA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Parmjeet Singh, a citizen of India, seeks review of a December 1, 2004 order of the BIA affirming the April 10, 2003 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Parmjeet Singh*, No. A75 308 954 (B.I.A. Dec. 1, 2004), *aff'g* No. A75 308 954 (Immig. Ct. N.Y. City Apr. 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). Here, because Singh failed to challenge the IJ's determination that changed conditions in India undermined his claims for relief in his brief to the BIA, we deem this issue to be administratively unexhausted. In addition, we note that the government actively opposes our review of the unexhausted issue. Accordingly, we decline to reach Singh's challenge to this finding. Because the IJ's finding as to country conditions rests as a valid and sufficient reason for denying Singh's asylum and withholding of removal claims, we find substantial evidence to support the agency's decision denying those applications for relief. *See Steevenez v. Gonzales*, 476 F.3d 114 (2d Cir.2007). Finally, we deem any challenge to the denial of Singh's applica-

tion for CAT relief to be waived, as he does not raise that issue before us. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005)

Accordingly, Singh's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).