**QING LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Board of Immigration Appeals, Respondents.**

No. 06–3433–ag.

United States Court of Appeals, Second Circuit.

Aug. 20, 2007.

**70**

Henry Zhang, New York, NY, for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, Douglas E. McCann, Assistant United States Attorney, Wilmington, DE, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Qing Lin, a native and citizen of the People's Republic of China, seeks review of a June 30, 2006 order of the BIA reversing the October 27, 2004 decision of Immigration Judge ("IJ") Philip L. Morace granting her application for asylum, and denying her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qing Lin,* No. A96 037 311 (B.I.A. June 30, 2006), *aff'g* No. A96 037 311 (Immig. Ct. N.Y. City Oct. 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the IJ's decision to any extent, this Court reviews only the decision of the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we retain the authority to vacate and remand when the agency fails to apply the law correctly, support its

findings with record evidence, or explain its conclusions adequately. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006).

■ Lin's primary argument in her brief to this Court is that the BIA exceeded the scope of its authority in reversing the IJ's decision, and substituted its own judgment for that of the IJ. Under 8 C.F.R. § 1003.1(d)(3)(i), the BIA may "not engage in *de novo* review of findings of facts determined by an [IJ]," and facts determined by an IJ "shall be reviewed only to determine whether the findings of the [IJ] are clearly erroneous." Moreover, the BIA is not authorized to "engage in fact-finding in the course of deciding appeals," except for taking administrative notice of "commonly known facts such as current events or the contents of official documents." 8 C.F.R. § 1003.1(d)(3)(iv). However, the BIA retains authority to "review all questions of law, discretion, and judgment and all other issues in appeals from decisions of [IJs] *de novo.*" 8 C.F.R. § 1003.1(d)(3)(ii).

Although we find that the BIA did, in several instances, substitute its judgment for that of the IJ regarding how to weigh the evidence, *see Fen Yong Chen v. BCIS,* 470 F.3d 509, 513–14 (2d Cir.2006), we conclude that remand for this reason would be futile, because the BIA also based its denial of asylum on an independent, error-free ground. *See Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 338–40 (2d Cir.2006).

■ The IJ found that internal relocation was "not a viable alternative" for Lin in light of the "countrywide policy regard-

ing religious restriction," without pointing to any record evidence indicating such a countrywide policy. The BIA effectively illustrated that this finding was clearly erroneous by taking administrative notice of the 2005 report, which indicated that there was no "countrywide policy" regarding religious repression, and that, to the contrary, policies varied significantly between regions, and unregistered groups could practice openly in some regions. It is undisputed that the BIA has authority to take administrative notice of current events bearing on an asylum applicant's claim. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *Qun Yang v. McElroy,* 277 F.3d 158, 164 n. 4 (2d Cir.2002). Moreover, the IJ noted that Lin's mother and brother had relocated, and as the BIA emphasized, there was no indication that either of them had faced any harm. Given these circumstances, a reasonable fact-finder would not be compelled to conclude, contrary to the BIA, that Lin could not avoid persecution by relocating within China. *See Zhou Yun Zhang,* 386 F.3d at 73. We further note that Lin has not challenged this point in her brief to this Court; issues not raised in a petitioner's brief are normally deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

As this Court noted in *Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007), a finding that an alien can avoid future persecution by relocating within his or her country of nationality is, on its own, fatal to his or her claim of well-founded fear. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Therefore, even assuming error in the BIA's findings that Lin did not experience past persecution, did not have an objectively reasonable fear of future persecution,[1] the

1. We note, however, that the parties do not dispute that Lin was never arrested, detained, or beaten, and was not aware that any arrest warrant had ever been issued for her.

BIA's finding regarding internal relocation would constitute an independent, sufficient reason to deny her asylum claim. Cf. *Steevenez,* 476 F.3d at 117–18. Accordingly, because we can confidently predict that the agency would reach the same conclusion on remand, we decline to remand notwithstanding our concerns with other aspects of the BIA's analysis. *See Xiao Ji Chen,* 471 F.3d at 338–40.

We also decline to consider Lin's claims for withholding of removal and CAT relief, because she does not raise any meaningful challenge to the BIA's denial of those claims in her brief. *See Yueqing Zhang,* 426 F.3d at 541 n. 1.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).