**BIAO DI WU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**

General,[1] Respondent.

No. 06–5557–ag.

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

Biao Di Wu, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General; Emily Anne Radford, Assistant Director; Nicole N. Murley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Biao Di Wu, a citizen of the People's Republic of China, seeks review of a November 27, 2006 order of the BIA affirming the April 13, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Di Bao Wu a.k.a. Blao Di Wu a.k.a. Biao Di Wu,* No. A 97 814 805 (B.I.A. Nov. 27, 2006), *aff'g* No. A 97 814 805 (Immig.Ct. N.Y. City, Apr. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

U.S.C. § 1252(b)(4)(B); *see, e.g., Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

The IJ denied Wu's claims because he found Wu not credible based exclusively on discrepancies between Wu's statements to the IJ at an asylum hearing on February 16, 2005, and statements made by Wu's wife, Qing Yun Zheng, to immigration officials on August 25, 1999. At the 2005 asylum hearing, Wu testified that Chinese officials forced his wife, Zheng, to submit to two intrauterine device ("IUD") insertions, one following her involuntary abortion in 1994, and a second one after the birth of their daughter in 1996. In addition, Wu testified that his brother-in-law was detained for two months when his wife failed to report for the abortion, and that he was fined "200" for violating the family planning policy. In contrast, as the IJ observed, Zheng stated during her "credible fear interview" on August 25, 1999, that she had three IUD insertions, that it was her mother-in-law who had been arrested, and that the couple had been fined "2,000" for the family planning violation.

Although now separated from her husband, Zheng testified as a witness at his February 16, 2005 asylum hearing, giving answers consistent with Wu's answers, and repudiating her August 25, 1999 statements to the extent that they were inconsistent with Wu's 2005 testimony. Zheng attempted to explain the discrepancy in her accounts by observing that she had been "confused" and "scared" in 1999, and had been instructed by others to exaggerate the facts of her asylum claim. The IJ acted within his discretion in concluding that the explanation did not establish the credibility of *Zheng's* hearing testimony; rather, it showed that she was "willing to lie under oath." *See Diallo v. Gonzales,* 445 F.3d 624, 630 (2d Cir.2006) ("Even if [petitioner's] testimony did, on its face, reconcile her apparently inconsistent statements, the IJ was not required to accept her explanation.").

The IJ's reliance on the discrepancy in Zheng's accounts, without more, to discredit Wu's testimony was, however, flawed. In *Bao Zhu Zhu v. Gonzales,* we ruled that an IJ's adverse credibility finding was not supported by substantial evidence where the IJ relied on inconsistencies between the petitioner's testimony and the petitioner's spouse's asylum interview, without any evidentiary basis for according the spouse's statements greater weight. *See* 460 F.3d 426, 431–32 (2d Cir.2006). The same conclusion applies with greater force in this case, where it appears that, in assessing Wu's credibility, the IJ gave significant evidentiary weight to an inconsistent account given by Wu's spouse in 1999, while rejecting the spouse's credibility. After concerns about Zheng's credibility made it appropriate for the IJ to reject her 2005 testimony as corroborative of Wu's persecution claim, more than inconsistent accounts by Zheng were needed to reject Wu's own testimony. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (requiring credibility finding to "bear a legitimate nexus" to supporting record evidence).[2]

---

**2.** To the extent the government submits that Wu failed to preserve for judicial review the argument that his wife's credibility has no bearing on his asylum application, we disagree. Wu challenged the IJ's adverse credibility finding in his brief to the BIA, arguing that the inconsistencies the IJ identified were too minor to support the finding. Having challenged the IJ's credibility findings before the BIA and on petition for review in this

In remanding, we express no view as to how other aspects of the record, not specifically referenced by the agency in assessing credibility, might inform reconsideration of that issue on remand. *Lin Zhong v. United States Dep't of Justice,* 480 F.3d 104, 117 (2d Cir.2007) ("[A] denial of immigration relief stands or falls on the reasons given by the IJ or BIA.") (alterations and citations omitted). Nor do we predict whether Wu can qualify for asylum in light of our ruling in *Shi Liang Lin* that a petitioner cannot secure asylum based only on a spouse being forced to undergo an abortion or sterilization; he must demonstrate persecution on account of his own "other resistance to a coercive population control program." *Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007) (quoting 8 U.S.C. § 1101(a)(42)). Finally, precisely because Wu and his spouse have long been separated, the IJ reasonably observed that, it was "not clear" whether Wu would face persecution on return to China. Should the agency find Wu credible and his persecution claim within the parameters outlined in *Shi Liang Lin,* further consideration of this question may also be warranted on remand.

Because Wu failed to present any argument regarding his CAT claim in his brief to this court, that claim is deemed waived and we deny the petition for review to the extent Wu appeals from the BIA's adjudication of his CAT claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998)).

For the foregoing reasons, the petition for review is DENIED in part, and

court, we have jurisdiction to examine them for cogent reasoning. *See Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007) (holding that "the issue raised on appeal must be either a 'specific, subsidiary legal argument'

GRANTED in part; the decision of the BIA is AFFIRMED in part and VACATED in part; and the case is REMANDED for further proceedings consistent with this decision.

**XIN YAO WANG, Petitioner,**

**v.**

or 'an extension of an argument ... raised directly before the BIA.'" (quoting *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005)(alterations omitted))).