**Barnabas JEAN–LAURENT, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 05–3399–ag.

United States Court of Appeals, Second Circuit.

Jan. 28, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Barnabas Jean–Laurent, Brooklyn, NY, pro se.

Terrance P. Flynn, United States Attorney; Lynn S. Edelman, Assistant United States Attorney, Buffalo, NY, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Barnabas Jean–Laurent, a native and citizen of Haiti, seeks review of a July 29, 2002 order of the BIA affirming the March 22, 2002 decision of Immigration Judge ("IJ") John B. Reid pretermitting Jean–Laurent's application for cancellation of removal and relief under former section 212(c) of the Immigration and Nationality Act, and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re *F–Barnabas Jean–Laurent,*[2] No. A 31 195 726 (B.I.A. July 29, 2002), *aff'g* No. A 31 195 726 (Immig. Ct. Batavia Mar. 22, 2002). We assume the

parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, in September 2002, Jean–Laurent filed a petition seeking habeas review in the District Court for the Western District of New York. The habeas petition was transferred to this Court as a petition for review pursuant to the REAL ID Act § 106(c), Pub.L. No. 109–13, 119 Stat. 231 (May 11, 2005). The petition for review is, therefore, now subject to the review provisions set forth in 8 U.S.C. § 1252.

Title 8, Section 1252(a)(2) of the United States Code provides that no court shall have jurisdiction to review any final order of removal entered against an alien who is removable by reason of having committed a criminal offense covered, *inter alia,* in section 237(a)(2)(A)(iii) of the INA. Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" encompass the same issues traditionally reviewed by courts in habeas petitions challenging Executive detentions. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 326–27 (2d Cir.2006). Accordingly, this Court remains without jurisdiction to review a petitioner's objection to "the correctness of the [agency's] factual findings or justification for [its] discretionary choices" under 8 U.S.C. §§ 1158(a)(2)(B), (D), unless that objection raises a constitutional claim or question of law. *Id.* at 329.

Construing the assertions in the instant brief liberally, it appears that Jean–Laurent intends to argue that the IJ incorrectly determined that he failed to establish past persecution or a well-founded fear of persecution and that, consequently, the IJ

---

**2.** The caption appears with the " *F" in the     BIA order.

erroneously concluded that he failed to meet the higher burden for withholding of removal. *See Steevenez v. Gonzales*, 476 F.3d 114, 118 (2d Cir.2007) (construing "generously" an alien's *pro se* brief to the BIA). However, as the Government correctly asserts, Jean–Laurent's claims amount only to a challenge to the IJ's factual conclusions, and do not raise any questions of law. *See Xiao Ji Chen*, 471 F.3d at 329. Although Jean–Laurent states in his brief that "his right was violated under equal protection and due process of law," he fails to connect that phrase with any aspect of his claim or proceedings. Even construing that portion of his brief "generously," the basis for his assertion that his rights were violated remains unclear. *See Steevenez*, 476 F.3d at 118. Thus, because Jean–Laurent has failed to raise a constitutional claim or question of law, his petition for review is beyond this Court's purview. *See* 8 U.S.C. § 1252(a)(2).

For the foregoing reasons, the petition for review is DISMISSED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).