**FEI YAN YANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 06–5161–ag.**

United States Court of Appeals, Second Circuit.

Feb. 19, 2008.

Fei Yan Yang, New York, NY, pro se, petitioner.

Jeffrey S. Bucholtz, Acting 27 Assistant Attorney General, Michael P. Lindemann, Assistant Director, Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Fei Yan Yang, a native and citizen of the People's Republic of China, seeks review of an October 12, 2006 order of the BIA affirming the April 21, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Yan Yang, a.k.a Ming Hin Yang*, No. A96 336 028 (B.I.A. Oct. 12, 2006), *aff'g* No. A96 336 028 (Immig. Ct. N.Y. City Apr. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't. of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We conclude that the IJ's adverse credibility determination was not supported by substantial evidence. First, the minor discrepancies in dates noted by the IJ were not significant when measured against the record as a whole. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005). In addition, the IJ's conclusion that Yang was not being truthful when she testified that she did not know her husband's whereabouts and had not been in contact with him since his departure from China was based upon impermissible speculation. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) ("[W]e will reject a deduction made by an IJ only when there is a complete absence of probative facts to support it— that is, when the speculation is 'bald.' "). The IJ's conclusion that the notarial birth certificates Yang submitted must have been prepared for her husband's asylum application because they were dated two years before her departure from China and were translated into English was an inferential leap not sufficiently tethered to the record, as was his belief that Yang's husband must have provided her with the $60,000 that she needed to fund her trip to the United States. *See id.*

The IJ also erred in basing his adverse credibility determination in part on Yang's failure to provide sufficient corroborative

evidence.[1] *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). The IJ found that Yang's credibility was undermined by her failure to produce her pregnancy verification booklet as evidence of her IUD insertions and gynecological check-ups. However, Yang did submit an x-ray showing an IUD in her uterus and a report from a doctor in New York who stated that the IUD was not of a type used in the United States, and the IJ did not explain why this evidence was insufficient to corroborate her claims. *See Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006) (emphasizing the IJ's duty to take all probative evidence in the record into consideration). Moreover, Yang's failure to submit medical documentation corroborating the bleeding and infection she allegedly suffered should not have undermined her credibility as the complications were not central to her claim that she had undergone a forced abortion. *Matter of S–M–J–*, 21 I. & N. Dec. 722, 724 (B.I.A. 1997). Moreover, a petitioner's "simple failure to produce any particular documentary support cannot serve as the sole basis of an adverse credibility finding." *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000).

Finally, the IJ's finding that Yang's fear of future persecution was rebutted by the change in her marital status was contrary to established BIA precedent and impermissibly speculative. In *Matter of Y–T–L–*, 23 I. & N. Dec. 601 (BIA 2003), the BIA found that involuntary sterilization and abortion constituted continuing persecution, because persons who suffered such harm have been singled out by Congress as having a basis for asylum in the "refugee" definition of section 101(a)(42) of the Act on the strength of the past harm alone. In addition, there was nothing in the record to support the IJ's finding that Yang would never remarry or have more children.

Indeed, evidence that Yang has dissolved her marriage and given birth to a second child was presented on appeal. At this stage, however, we may not take into consideration evidence of Yang's dissolution of marriage on the basis of desertion and the birth of her second child because that evidence was not in the administrative record before the BIA, and we deny only the portion of the petition based on that evidence. *See* 8 U.S.C. § 1252(b)(4). The BIA must decide in the first instance on remand under what circumstances to consider the new evidence. *See Li Yong Cao v. U.S. Dept. of Justice*, 421 F.3d 149, 156 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this

---

1. The government's assertion that Yang failed to administratively exhaust her argument that the IJ erred in requiring her to submit her pregnancy verification is misplaced. Yang challenged the IJ's adverse credibility determination in her brief to the BIA, and the argument that the IJ erred in requiring her to submit her pregnancy verification is subsidiary to her challenge to the IJ's adverse credibility determination as a whole. *See Gill v. INS*, 420 F.3d 82, 85–86 (2d Cir.2005). This Court has never held that a petitioner is limited to the "exact contours" of her argument to the agency. *See id.* at 86. On the contrary, we have held that 8 U.S.C. § 1252(d) does not bar it from considering "specific, subsidiary legal arguments," even if those arguments were not presented below. *See id.* at 87; *cf. Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir.2007) (requiring petitioner to exhaust his argument that the agency erred in finding that he could safely relocate within his country because internal relocation, on its own, was a proper basis for relief). Accordingly, we may consider Yang's subsidiary argument that the IJ erred in basing that determination in part on her failure to produce the pregnancy verification booklet. *See Gill*, 420 F.3d at 85–86.

order. As we have completed our review, petitioner's stay of removal that we previously granted in this petition is VACATED.