JEN–HUA CHEN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–5037–ag.

United States Court of Appeals, Second Circuit.

July 29, 2008.

Joan Xie, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Rosanne M. Perry, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Jen–Hua Chen, a native of the People's Republic of China and a citizen of Taiwan, seeks review of an October 29, 2007 order of the BIA affirming the March 8, 2006 decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jen–Hua Chen,* No. A98 222 796 (B.I.A. Oct. 29, 2007), *aff'g* No. A98 222 796 (Immig. Ct. N.Y. City, Mar. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian-Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales,* 331 F.3d at 307.

We deny review in this case because Chen failed adequately to exhaust agency procedures for challenging the IJ's denial of relief from removal. In addition to the statutory requirement that petitioners exhaust each category of relief, 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency, *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122–123 (2d Cir. 2007). While not jurisdictional, this judicially imposed issue exhaustion requirement is mandatory. *Id.* at 119–120. In particular, a petitioner must challenge all findings that are dispositive of his claims "with specificity," and the failure to do so is fatal to his petition for review. *Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007) (per curiam).

In his notice of appeal to the BIA, Chen raised the following challenges to the IJ's adverse credibility finding: (1) the IJ erred in concluding that Chen's testimony was "lacking in detail"; (2) the IJ "improperly ignored evidence that clearly corroborated [Chen's] claim of persecution in Taiwan"; and (3) "minor insufficiencies" in Chen's testimony "did not detract from [his] overall testimony." Because Chen filed no brief in support of these points, we might well conclude that they lack the specificity necessary to demonstrate reasonable exhaustion. Even if we were to give Chen the benefit of the doubt on these issues, however, we would still have to deny review of his petition because he failed to raise even such a perfunctory challenge before the BIA to a number of IJ findings that are dispositive of his claim.

Specifically, Chen failed to challenge the IJ's finding that the submitted background evidence actually contradicted his claims that mainland Chinese were mistreated in Taiwan. Similarly, Chen failed to challenge the IJ's finding that the Taiwanese government had provided him with medical treatment and some legal redress against the officers. Nor did he challenge the conclusion drawn therefrom: that Chen's described past mistreatment reflected aberrational and unauthorized action by discrete individuals that did not support an inference of future persecution. Indeed, the IJ specifically found that Chen had failed to establish persecution at the hands of the government or government unwillingness or inability to protect him from abuse in the future.

Thus, because we find that Chen failed to exhaust available agency procedures of review with respect to IJ findings that are dispositive of Chen's application for relief from removal, *see Majidi v. Gonzales,* 430 F.3d 77 (2d Cir.2005), we deny the petition for review, *see Steevenez,* 476 F.3d at 117–118.

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).