**YUE ZHU LIU, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 07–5772–ag.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

Fengling Liu, Law Office of Fengling Liu, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yue Zhu Liu, a native and citizen of the People's Republic of China, seeks review of a November 30, 2007 order of the BIA affirming the March 10, 2006 decision of Immigration Judge ("IJ") Philip Morace denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yue Zhu Liu,* No. A95 710 303 (B.I.A. Nov. 30, 2007), *aff'g* No. A95 710 303 (Immig. Ct. N.Y. City, Mar. 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a decision adopting the IJ's decision and supplementing that decision, we review the underlying IJ decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the

substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (internal citation omitted).

Here, we conclude that substantial evidence supports the agency's denial of relief. The agency properly determined that Liu did not meet her burden of proof to establish an objective, well-founded fear of persecution. While, as the IJ found, Liu may have had a subjective fear of persecution, the evidence she presented, including her own testimony as well as documentary evidence, failed to support the objective reasonableness of that fear. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128 (2d Cir.2005); *see also Chun Gao v. Gonzales,* 424 F.3d 122, 130 (2d Cir.2005). The agency properly noted that Liu has never practiced Falun Gong. Furthermore, the agency relied on Liu's testimony that she was never arrested or detained by public safety officials, and, in fact, never had any contact with them whatsoever. The only indication Liu had of any police interest in her was an unauthenticated subpoena issued after she had already relocated to the United States. On this record, we find no error in the agency's conclusion that Liu failed to carry her burden of proof. *See Diallo v. INS,* 232 F.3d 279, 286 (2d Cir. 2000).

Even if we were to find that Liu had proven both a subjective and objectively reasonable fear of persecution, the agency's internal relocation determination is, on its own, a proper basis for the denial of relief. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007); 8 C.F.R. § 1208.13(b)(3)(ii). As the IJ found, Liu not only had the ability to relocate and live safely in China, but in fact did so on two separate occasions. Substantial evidence supports the agency's relocation finding, which is a valid alternative basis for the denial of relief.

Because Liu's withholding of removal claim is premised on the same set of facts that the IJ found insufficient to establish her eligibility for asylum, the agency's denial of withholding was also proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Liu has failed to sufficiently challenge the agency's denial of relief under the CAT in her brief to this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Liu's pending motion for a stay of removal in this petition is DISMISSED as moot.