SUMMARY ORDER

Saidou Dia, a native and citizen of Mauritania, seeks review of a November 28, 2007 order of the BIA affirming the February 1, 2006 decision of Immigration Judge (“IJ”) Steven R. Abrams which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Dia, Saidou, No. A97 970 076 (B.I.A. Nov. 28, 2007), aff'g No. A97 970 076 (Immig. Ct. N.Y. City, Feb. 1, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
In addition to statutory requirement that petitioners exhaust each category of relief, 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency. Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 122-23 (2d Cir.2007). This judicially-imposed exhaustion requirement is mandatory. Id. at 119-120. In particular, a petitioner must challenge all findings that are dispositive of his claims; failure to do so is fatal to his petition for review. See *636 Steevenez v. Gonzales, 476 F.3d 114, 117-18 (2d Cir.2007).
In his appeal to the BIA, Dia argued that although the IJ found him not credible, the IJ “failed to cite any statements or parts of his testimony that would lead to such finding.” In fact, the IJ found several inconsistencies between Dia’s testimony and asylum applications, and noted significant omissions from his asylum application. While Dia argued that the IJ erred in rejecting his refugee card and birth certificate, the IJ had made no such findings. As the BIA obseived, Dia’s appeal was not responsive to the various bases for the IJ’s adverse credibility determination. Thus, Dia failed to exhaust any challenge to the IJ’s adverse credibility finding.
Because Dia failed to exhaust his challenges to the IJ’s adverse credibility determination, and because that finding was a dispositive basis for the denial of Dia’s applications for relief, we deny the petition for review. See Steevenez v. Gonzales, 476 F.3d 114,117-118 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).