19-1215-ag
*Gutierrez-Cupido v. Barr*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
MICHAEL H. PARK,
WILLIAM J. NARDINI,
            *Circuit Judges.*

_____

JOSE ELIAS GUTIERREZ-CUPIDO,

                *Petitioner,*                                    19-1215-ag

                v.

WILLIAM P. BARR, UNITED STATES ATTORNEY
GENERAL,

                *Respondent.*

_____

FOR PLAINTIFF-APPELLANT:          Gregory Dubinsky (Brian T. Goldman, *on the brief*), Holwell, Shuster, & Goldberg LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:          Matthew J. Glover (Joseph H. Hunt, Assistant Attorney General; Derek C. Julius, Assistant Director; Karen L. Melnik, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is **DENIED.**

Petitioner Jose Elias Gutierrez-Cupido ("Gutierrez-Cupido"), a native and citizen of El Salvador, seeks review of an April 18, 2019, decision of the BIA affirming an October 3, 2018, decision of an Immigration Judge ("IJ") denying a continuance, finding his applications for relief abandoned, and ordering removal. *In re Jose Elias Gutierrez-Cupido*, No. A215 708 481 (B.I.A. Apr. 18, 2019), *aff'g* No. A215 708 481 (Immig. Ct. Batavia Oct. 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Here, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "[A]n IJ has broad discretion to set and extend filing deadlines," *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008), and when "an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived," 8 C.F.R. § 1003.31(c). However, an IJ has "inherent power to disregard the deadlines . . . , taking into consideration a removable alien's right to a 'reasonable opportunity to examine the evidence against [him] [and] to present evidence on [his] own behalf.'" *Dedji*, 525 F.3d at 192 (quoting 8 U.S.C. § 1229a(b)(4)(B)) (alterations original). "An IJ's decision constitutes error or an abuse of discretion when (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 191–92 (internal quotation marks and citation omitted).

Gutierrez-Cupido argues that the BIA abused its discretion by finding his claim for relief abandoned and denying a continuance to file his application. In support of his argument, Gutierrez-Cupido claims that he had good cause for his delay because he received notice of his attorney's withdrawal on the day of his filing deadline. But Gutierrez-Cupido never raised this argument before the IJ or the BIA—he only raises it now for the first time before this Court. His briefing before the BIA noted the fact that his prior counsel, Ramon Irizarry, withdrew the day of the filing deadline, but an agency does not abuse its discretion because it did not formulate Gutierrez-Cupido's argument for him from factual building blocks in briefing. *Cf. Steevenez v. Gonzales*, 476 F.3d 114, 117-18 (2d Cir. 2007) (reasoning that a petitioner does not raise an argument "by implication" simply when facts that would underpin that argument are before an agency).

Instead, Gutierrez-Cupido argued before the IJ and the BIA that he was unaware of his filing deadline. His successor lawyer, Ryan A. Millet, told the IJ: "My client did not understand that he had a deadline to file an asylum application." CAR at 101. Gutierrez-Cupido reprised this argument again before the BIA, arguing that his successor counsel also did not know about the deadline. But Gutierrez-Cupido was present at the July 24, 2018, hearing when the IJ set the deadline. He was also

2

warned by the IJ at that hearing of the consequences for missing the deadline. Moreover, that warning, like the rest of the hearing, was simultaneously interpreted. We therefore cannot say that the IJ abused his discretion when he rejected the argument presented, namely that Gutierrez-Cupido had good cause for failing to meet the deadline because he lacked notice of the deadline. Similarly, the BIA did not err when it affirmed the IJ's decision because it found that there was no evidence that Gutierrez-Cupido was unaware of the deadline.

## CONCLUSION

We have considered all of Gutierrez-Cupido's arguments and find them without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk