Williams CASTANEDA–LUGO, Petitioner,

v.

Michael B. MUKASEY,[1] Respondent.

No. 06–5632–ag.

United States Court of Appeals, Second Circuit.

Feb. 8, 2008.

---

**2.** 8 U.S.C.A. § 1255(a) provides,

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the Respondent in this case.

Giovanna Macri, Buffalo, N.Y., for Petitioner.

James E. Grimes, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General & Linda S. Wernery, Assistant Director, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Williams Castaneda–Lugo ("Castaneda" or "petitioner"), a native and citizen of the Dominican Republic, petitions for review of a November 16, 2006 decision of the BIA, affirming the August 18, 2005 decision of Immigration Judge Philip J. Montante, Jr. ("the IJ"), which pretermitted Petitioner's applications for relief from removal and ordered him removed from the United States. *In re Williams Castaneda Lugo*, No. A 18 692 740 (B.I.A. Nov. 16, 2006), *aff'g* No. A 18 692 740 (Immig. Ct. Buffalo Aug. 18, 2005). We assume the parties' familiarity with the facts of the case and its procedural history.

Before us, Petitioner first contends that the agency erred in determining that he was removable pursuant to the deportation grounds of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227, and asserts that he could only have been charged as an inadmissible alien seeking entry to the United States, under 8 U.S.C. § 1182. Since Petitioner did not present this argument to the agency, however, we decline to consider it.[2] *See Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir.2007).

Petitioner also seeks review of the agency's decision not to grant him any form of discretionary relief from removal. Though petitioner raises a series of possible grounds for relief, it is manifest that he is statutorily ineligible for all but one of them. The only form of relief for which petitioner appears to be eligible is voluntary departure under section 240B(b) of the INA. 8 U.S.C. § 1229c(b).

Neither the IJ nor the BIA mentioned this form of relief in their decisions. On this record, it is not clear to us whether the IJ (1) simply treated Castaneda as having failed to request voluntary departure; (2) denied voluntary departure even in the absence of a request; or (3) treated Petitioner as having asked for voluntary departure, then denied this form of relief in the exercise of the IJ's discretion. Although Petitioner referenced voluntary departure among other issues before the BIA, the Board, in affirming the decision of the IJ, did not say whether it (1) treated Petitioner's request for voluntary departure as unexhausted below, or (2) affirmed the denial of voluntary departure as a matter of discretion, or (3) simply neglected to deal with the issue.

Under the circumstances, we are not in a position to review the agency's decision. Accordingly, we **GRANT** the petition for review, **VACATE** the BIA's order, and **REMAND** the case to the BIA for clarification of its treatment, and the IJ's treatment, of the issue of voluntary departure. Petitioner's motion for a stay of deporta-

---

**2.** We note, in passing, that this argument appears to be without merit. It seems that petitioner was apprehended in the United States after being denied admission to Canada. In those circumstances, he never departed the United States, *see Matter of T–*, 6 I. & N. Dec. 638, 639–40 (B.I.A.1955), and was properly charged as a deportable alien.

tion pending our review is **DISMISSED** as moot.