**YAN GAO, Petitioner,**

**v.**

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 07–2554–ag.

United States Court of Appeals, Second Circuit.

Feb. 14, 2008.

David J. Rodkin, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Gregory M. Kelch, Attorney, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Yan Gao, a native and citizen of the People's Republic of China, seeks review of a June 1, 2007 order of the BIA affirming the May 11, 2005 decision of Immigration Judge ("IJ") Philip Morace, which

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Gao*, No. A97 957 793 (B.I.A. June 1, 2007), *aff'g* No. A97 957 793 (Immig. Ct. N.Y. City May 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, contrary to the government's argument, we have jurisdiction to review Gao's challenge to the IJ's adverse-credibility determination. While we "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right," 8 U.S.C. § 1252(d)(1), we do not limit a petitioner "to the exact contours of his argument below" in determining whether he exhausted the issue where, as here, the issue raised before us is a "specific, subsidiary legal argument[ ]" or "an extension of [an] argument ... raised directly before the BIA." *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (quoting *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (internal quotation marks and citation omitted)).

Here, Gao argued to the BIA that the IJ's adverse-credibility decision was not supported by substantial evidence and specifically challenged the IJ's findings with respect to the implausibility of and material omissions in Gao's testimony. Moreover, the BIA reviewed the IJ's adverse-credibility finding and explicitly adopted and affirmed that determination. As such, we may review Gao's challenge to the IJ's adverse-credibility finding, but we deem waived any specific challenge to the IJ's reasoning not raised in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse-credibility determinations, under the substantial-evidence standard. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

■ Here, we find that substantial evidence supports the agency's adverse-credibility determination. Gao's omission from his asylum application, credible-fear interview, and direct testimony of the significant fact that his father was arrested and detained for three months for helping Gao evade arrest from family-planning officials was material to his claim and substantial evidence to support the IJ's adverse-credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). Indeed, Gao actually indicated in his asylum application that none of his family members had ever been arrested. Gao's explanation that he was in a "bad mood" when he filled out that application is not an explanation that any reasonable fact finder would be compelled to accept, nor do we find anything ambiguous or confusing about the question on the application. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Moreover, in his counseled brief before this Court, Gao does not challenge the IJ's finding that it was implausible that he was able to escape the arrest attempts of five government officials, or the IJ's finding that he failed to submit sufficient evidence corroborating his claims. Accordingly, we deem any such arguments waived. *See Yueqing Zhang*, 426 F.3d at 542 n. 1.

Ultimately, the IJ's adverse-credibility determination is supported by substantial evidence. *See Zhou Yun Zhang*, 386 F.3d

at 73–74. Accordingly, the agency's denial of asylum and withholding of removal was proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim). Moreover, as Gao failed to present any argument addressing the agency's denial of CAT relief, we deem any such argument waived. *See Yueqing Zhang,* 426 F.3d at 542 n. 1.

For the foregoing reasons, the petition for review is DENIED. Chief Judge Jacobs declines to review (for lack of unexhaustion) some of Gao's other challenges to the adverse credibility finding; in other respects, Chief Judge Jacobs concurs in the outcome.