SUMMARY ORDER

Shi Ming Huang, a native and citizen of the People’s Republic of China, seeks review of a May 21, 2008 order of the BIA affirming the March 27, 2007 decision of Immigration Judge (“IJ”) Vivienne E. Gordon-Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Shi Ming Huang, No. A72 784 034 (B.I.A. May 21, 2008), aff'g No. A72 784 034 (Immig. Ct. N.Y. City Mar. 27, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
Under 8 U.S.C. § 1252(d)(1), we “may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right.” This jurisdictional rule is absolute with respect to the requirement that on appeal to the BIA, an alien must raise each category of relief subsequently raised in this Court. See Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006). Because Huang did not challenge the IJ’s denial of CAT relief before the BIA, we lack jurisdiction to review any such argument he now raises in this Court.
Petitioners are likewise required to raise to the BIA the specific issues they later raise in this Court. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004). We have described the issue-exhaustion requirement as “mandatory.” Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Here, because Huang failed to challenge the IJ’s adverse credibility determination before the BIA, his argument that such finding is not supported by substantial evidence is unexhausted. As there is no question that the IJ’s adverse credibility determination is itself dispositive of Huang’s application for asylum and withholding of removal, his failure to exhaust is *326 fatal to his petition for review. See Steevenez v. Gonzales, 476 F.3d 114, 117-118 (2d Cir.2007).
We note that even if we were to reach the Id’s adverse credibility determination, we would find it amply supported by the record, insofar as Huang failed to mention his family planning claim in his asylum application, which described only persecution he allegedly suffered on account of his pro-democracy political activity. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 398 (2d Cir.2005) (“[W]here ... a petitioner has provided two distinct, non-overlapping accounts of persecution, ... an IJ must ... rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of [his] asylum claim with two entirely different responses.”).
For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.