SUMMARY ORDER

Petitioner Rudy Harianto, a native and citizen of Indonesia, seeks review of the October 15, 2007 order of the BIA, which was issued pursuant to a decision of this Court remanding to the agency for reconsideration of Harianto’s application for withholding of removal. In re Rudy Harianto, No. A95 467 485 (B.I.A. Oct. 15, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where the BIA issues an independent decision on remand from this Court, we review the decision of the BIA alone. See Belortaja v. Gonzales, 484 F.3d 619, 622-23 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA 482 F.3d 122, 126 (2d Cir.2007).
As a preliminary matter, we dismiss Harianto’s petition for review to the extent he raises arguments with respect to asylum and relief under the Convention Against Torture (“CAT”). Our January 2007 order disposed of those claims and, therefore, the BIA did not consider them in its October 2007 decision, of which Harianto now seeks review. Cf. Belortaja, 484 F.3d at 623 (citing Biggins v. Hazen Paper Co., 111 F.3d 205, 209 (1st Cir.1997)).
We find no error in the BIA’s denial of Harianto’s application for withholding of removal. Contrary to Harianto’s arguments, there is no reason to believe that the BIA ignored any of his allegations of past harm on ethnic or religious grounds where its decision recounted in detail the facts as he presented them, including that, because the Indonesian government prohibited Confucianism, he was raised in the Christian faith. As to the severity of his experiences, the BIA correctly observed that Harianto was never physically *682 harmed, his home was not damaged, and he was not subjected to extreme humiliation. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (noting that harm must be sufficiently severe to constitute “persecution,” rising above “mere harassment”). Moreover, the BIA also correctly noted that Harianto did not testify that he was discriminated against or persecuted because he observed Confucianism. Ultimately, the BIA concluded that while the Harianto’s experiences — including the destruction of his mother’s businesses in May 1998 — were “frightening, discriminatory, and harassing,” considered in the aggregate, they did not amount to persecution. See Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 290 (2d Cir.2007) (noting that the agency must consider allegations of past persecution cumulatively, rather than addressing the severity of each event in isolation). Nothing in the record suggests that this conclusion was flawed. Because the BIA properly found that Harianto failed to establish past persecution, it correctly concluded that he was not entitled to a presumption that his life or freedom will be threatened in the future. See 8 C.F.R. § 1208.16(b)(1)(i).
With respect to a future threat to his life or freedom independent of his past experiences, Harianto argues that the BIA failed to evaluate the threat posed by radical Islamists, and further argues that the BIA failed to properly consider the dangers faced by ethnic Chinese Christians (although he claims to be Confucian). We decline to consider these arguments because Harianto did not first present them to the BIA. See Steevenez v. Gonzales, 476 F.3d 114, 117 (2d Cir.2007) (noting that “[t]o preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA”); see also Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).
For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).