# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March two thousand ten,

Present:

José A. Cabranes,
Robert D. Sack,
Richard C. Wesley,
*Circuit Judges.*



---

In re David Rodkin,

Attorney.

09-90133-am

**ORDER OF
GRIEVANCE PANEL**

---

By order filed on December 3, 2009, this panel directed David Rodkin to show cause why he should not be removed from the bar of this Court, or subject to other disciplinary or corrective measures, based on the conduct described in that order. Rodkin was directed to respond to the order within twenty-eight days of its filing date, but has failed to do so. For present purposes, we confine our consideration to the allegation in the December 2009 order that Rodkin failed to disclose, in his application for admission to the bar of this Court, his prior suspension from the bar of the State of New York State and his prior reciprocal suspension by the Executive Office for Immigration Review. As noted in our prior order, this Court's application for admission to the Court's bar requires a representation from the applicant that he has not been disbarred or suspended from practice in any court.

Upon due consideration, it is hereby ORDERED that Rodkin's admission to this Court is VACATED based on that material misrepresentation in his application for admission to this Court's bar and his failure to respond to the December 2009 order. As a result, Rodkin is prohibited from serving as counsel or performing legal services in cases before this Court, and must arrange for substitution of counsel in any case now pending in this Court in which he is counsel of record.

We do not consider the present disposition to be equivalent to an ordinary disbarment. Depending on the precise circumstances, a similar misrepresentation in a different type of court filing might not warrant disbarment. However, a material misrepresentation in the very instrument by which an attorney seeks membership in this Court's bar, without a showing of mistake or mitigating circumstances, renders that instrument defective and requires vacatur of the bar admission obtained through that instrument.[1]

The text of this panel's December 2009 order is appended to, and deemed part of, the present order for the following disclosure purposes. Rodkin must disclose this order to all clients in cases currently pending in this Court and to all courts and bars of which he is currently a member, and as required by any bar or court rule or order. Furthermore, the Clerk of Court is directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other unpublished decisions of this Court, and to serve a copy on Rodkin, this Court's Committee on Admissions and Grievances, the attorney disciplinary committee for the New York State Appellate Division, First Department, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

Michael Zachary
Supervisory Staff Attorney
Counsel to the Grievance Panel


## APPENDIX 1

### Text of December 2009 order

For the reasons that follow, David Rodkin is ordered to show cause why disciplinary or other corrective measures, including removal from this Court's bar, should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.1.

In August 2005, Rodkin was suspended for a period of six months by the New York State Supreme Court, Appellate Division, First Department, for, *inter alia*, aiding the unauthorized practice of law by participating in "an established system where 'travel agencies[,]' advertising themselves as providers of legal services but staffed by nonlawyers[,] served as the primary advisors to illegal Chinese aliens seeking political asylum." *In re Rodkin*, 21 A.D.3d 111, 112 (2005). That suspension

---

[1] As a result of the present disposition, we need not consider whether the other conduct described in our December 2009 order warrants disciplinary or other corrective measures. However, any future application to this Court's bar, or challenge to this order, must address all of the conduct described in that order.

2

order further noted that Rodkin had been previously disciplined for the same misconduct in January 2000, for which he received a letter of admonition. *Id.* at 113. Based on the 2005 suspension, Rodkin was reciprocally suspended for a six-month period by the Executive Office for Immigration Review. *See In re Rodkin*, No. D2005-188 (BIA Jan. 30, 2006). However, in his application for admission to this Court in April 2006, Rodkin inaccurately stated to this Court that he had "been neither disbarred nor suspended from practice in any court." *See* Rodkin Statement and Certification in Support of Admission Application, dated 4/26/2006.

Review of this Court's docket has provided the following additional information concerning Rodkin. In June 2008, this Court issued the following warning to Rodkin regarding his briefing in *Li Guo Zhu v. Mukasey*:

> The serious deficiencies in the representation provided by Zhu's attorney, David J. Rodkin, compel us to express our concern. Rodkin's briefing was of extremely poor quality. The arguments presented were completely without merit, the brief did not present any arguments as to the motion to reopen that is under review, and counsel's statements regarding the filing of a new motion to reopen with the BIA could not be verified. Thus, we hereby warn Rodkin that continuing conduct of this nature could result in the initiation of disciplinary proceedings against him. *See* Fed. R. App. P. 46(b), (c).

*Li Guo Zhu v. Mukasey*, Dkt. No. 07-4049-ag, summary order filed June 11, 2008 at n.4.

Further review of the 44 additional cases in this Court in which Rodkin is listed as attorney of record indicates a pattern in which Rodkin has either raised claims in this Court that had not been exhausted at the agency level, waived dispositive issues in this Court by failing to address them in his briefs, or failed to present sufficient argument on issues raised in this Court. In three cases where Rodkin was the attorney of record before both this Court and the Board of Immigration Appeals ("BIA"), this Court denied the petitions for review because dispositive issues had not been raised at the agency level. *See Steevenez v. Gonzales*, 476 F.3d 114 (2d Cir. 2007) (per curiam) (order filed Feb. 6, 2007, under Dkt. No. 06-2114-ag) (denying petition because, *inter alia*, a challenge to the decision of the immigration judge ("IJ") that the petitioner could safely relocate had not been raised before the BIA); *Zainidar v. Gonzales*, Dkt. No. 06-2117-ag, summary order filed May 31, 2007 (denying petition because the petitioner had not exhausted his challenge to a finding of the IJ that was dispositive of his withholding application); *Sutrisno v. Mukasey*, Dkt. No. 08-0209-ag, summary order filed Aug. 18, 2008) (denying petition, in part, because petitioner had "failed to argue before the agency that he was eligible for asylum based on a pattern or practice [of] persecution"). Notably, in *Steevenez*, the petitioner had submitted his brief *pro se* to the BIA but Rodkin filed a notice of appearance several days later, indicating that a more "detailed brief" would be forthcoming; however, no such brief was ever submitted.

In at least two cases in which Rodkin was the petitioners' attorney before both the BIA and this Court, Rodkin's brief in this Court failed to address dispositive issues. In *Khatun v. Filip*, Rodkin filed a petition for review challenging the BIA's denial of a motion to reconsider, yet devoted his brief

to challenging the findings the BIA had made in denying the petitioner's separate motion to reopen, which was not properly before this Court. *See* Dkt. No. 07-5527-ag, summary order filed Jan. 30, 2009 (denying petition because petitioner "effectively waived any challenge to the decision [this Court is] 'empowered to review'"). In *Ullah v. Gonzales*, Rodkin's brief to this Court failed, without apparent reason or explanation, to challenge the BIA's denial of asylum, withholding of removal, or relief under the Convention Against Torture ("CAT"). *See* Dkt. No. 06-5664-ag, summary order filed July 26, 2007 ("As an initial matter, petitioners have waived any challenge to the agency's denial of asylum, withholding of removal, and relief under the CAT, as they explicitly challenge only the BIA's denial of their motion to remand.").

Furthermore, in several cases where Rodkin was not the attorney of record before the BIA, he failed in the briefs submitted to this Court either to address the dispositive issues on appeal, or to account for why those claims had not been raised at the agency level. *See Chen v. Mukasey*, Dkt. No. 07-3321-ag, summary order filed June 17, 2008 (denying petition based, in part, on petitioner's failure to challenge the IJ's demeanor finding which, in conjunction with testimonial inconsistencies, provided the basis for the IJ's adverse credibility determination); *Zheng v. Mukasey*, Dkt. No. 07-4166-ag, summary order filed July 1, 2008 (denying petition because petitioner did not challenge the IJ's relocation finding before the BIA and did not address this failure to exhaust before this Court); *Jiang v. Holder*, Dkt No. 08-2656-ag, summary order filed Aug. 4, 2009 (denying petition, in part, because petitioner's argument was "not only unexhausted, [but] irrelevant").

On two occasions, Rodkin improperly filed petitions for review in this Circuit, although the BIA orders attached to those petitions clearly showed that the immigration proceedings had been completed in another Circuit. *See Huang v. Gonzales*, Dkt. No. 07-1720-ag, transfer order filed May 16, 2007 (BIA proceedings occurred in Miami, Florida); *Chen v. Mukasey*, Dkt. No. 08-3981-ag, transfer order filed Sep. 15, 2008 (BIA proceedings occurred in Baltimore, Maryland). In *Hang Lin v. Gonzales*, Rodkin failed to respond to this Court's order to show cause why the petition should not be dismissed after he withdrew the petition without prejudice to reinstatement pending the BIA's review of a motion to reopen. *See* Dkt. No. 07-1695-ag, entries at Feb. 27, 2008.

Upon due consideration, it is hereby ORDERED that Rodkin show cause, in a detailed declaration, why he should not be removed from the bar of this Court, or subject to other disciplinary or corrective measures, based on his failure to disclose his prior suspensions in his application for admission to this Court, and the other conduct described above. The declaration must be made under penalty of perjury and filed within twenty-eight days of the filing date of this order.

[additional text omitted]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: /s/
Michael Zachary
Supervisory Staff Attorney
Counsel to the Grievance Panel