[924 NYS2d 55]

In the Matter of MARSHA EDELMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 2011

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Sarah Diane McShea,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Marsha Edelman was admitted to the practice of law by the Second Judicial Department on June 18, 1964. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 605.15 (e) confirming the report and recommendation of a Hearing Panel designated to hear and evaluate charges brought against respondent and recommend sanctions. After reviewing the report of a Referee, the Hearing Panel heard oral argument and recommended suspending respondent from the practice of law for nine months. Respondent cross-moves for an order confirming and disaffirming in part the report of the Referee and the Hearing Panel and requests a public censure.

Respondent was served with a notice and statement of eight charges. The charges included: giving five clients retainer agreements that provided for nonrefundable fees in violation of Code of Professional Responsibility DR 2-106 (c) (3) and DR 2-110 (a) (3) (22 NYCRR 1200.11 [c] [3]; 1200.15 [a] [3]); failing to provide written letters of engagement or otherwise advise the same five clients that they were entitled to fee arbitration as required by 22 NYCRR 1215.1 in violation of DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]); settling a lawsuit with a client contingent upon his withdrawing a companion disciplinary complaint in violation of DR 1-102 (a) (5); failing to return client documents as requested in violation of DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]); suing a client for fees instead of handling the matter by arbitration in violation of DR 1-102 (a) (5); engaging in ex parte communication with a court in violation of DR 1-102 (a) (5) and DR 7-110 (b) (2) (22 NYCRR 1200.41 [b] [2]), all of which con-

stitute engaging in a pattern of conduct that adversely reflected on her fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Respondent admitted to actions constituting some of the charges and denied others.

The Referee found that respondent had entered into nonrefundable retainers and failed to provide letters of engagement indicating a right to arbitrate fee disputes in violation of DR 2-106 (c) (3) and DR 1-102 (a) (5), but determined that respondent had not refused to return unearned fees and did not violate DR 2-110 (a) (3). It is noted that respondent received a letter of admonition in 2002 for including the word "non-refundable" in her retainer agreements. The Referee found that respondent had conditioned settlement of a lawsuit upon the client's withdrawing a disciplinary complaint in violation of DR 1-102 (a) (5). Although respondent claimed her attorney had been the culprit, there was no evidence that respondent was unaware of the letter sent by her attorney, thus that charge was sustained. Respondent admitted that she failed to return documents in violation of DR 9-102 (c) (4). Respondent also failed to advise a client, whom she sued in Small Claims Court, that she was entitled to arbitrate the dispute, and respondent admitted that she contacted a Small Claims Court requesting an adjournment on two occasions without notifying the opposing attorney in another matter, in violation of DR 1-102 (a) (5). The Referee sustained the charge averring that respondent had engaged in conduct adversely reflecting upon her fitness as a lawyer in violation of DR 1-102 (a) (7).

Respondent argues in mitigation and in support of her request for public censure that she was 69 years old at the time of the hearing, that she had practiced immigration law since 1968, opening her own practice in 1970, that she had served talented artists and musicians, that she did not intend to violate disciplinary rules and apologized for having done so, and that she promised never to do anything of that nature again. She also claimed that her poorly-controlled diabetes made her forgetful and she would take precautions and put into effect systems to compensate for the effect of the ailment. She relied on the testimony of her internal medicine-cardiologist physician concerning the impact of the disease. She expressed remorse for ignoring the prior admonition concerning the "non-refundable" provision in her retainer agreement, and averred that she had always refunded unearned fees. Respondent now states that she has begun to implement procedures, including a monitoring

program, that will insure that she does not take any such missteps again. In addition, respondent points to the fact that she represented many clients pro bono and worked extensively in Europe and the Middle East, representing individuals who were threatened for political reasons.

While there are no cases directly on point, this case comes closest to *Matter of Rodkin* (21 AD3d 111 [2005]), also involving an immigration attorney. In that case, the lawyer improperly obtained clients from travel agencies, thus aiding the unauthorized practice of law. He had also been previously admonished for the same type of misconduct for which he was charged.

Accordingly, we grant the Committee's motion to the extent of confirming the Hearing Panel's findings of fact and conclusions of law with respect to the charges, the Hearing Panel's recommended sanction of a nine-month suspension is disaffirmed, and respondent is suspended from the practice of law for a period of six months. Respondent's cross motion is denied.

SAXE, J.P., FRIEDMAN, MOSKOWITZ, FREEDMAN and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective the date hereof. Cross motion denied.