Matter of Braverman (2019 NY Slip Op 07040)





Matter of Braverman


2019 NY Slip Op 07040


Decided on October 1, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr.,Justice Presiding,
Dianne T. Renwick
Rosalyn H. Richter
Sallie Manzanet-Daniels
Peter Tom,Justices.


M-2040 M-3074

[*1]In the Matter of Michael I. Braverman, (admitted as Michael Ira Braverman), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael I. Braverman, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael I. Braverman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on November 4, 1991.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.
Motion No. 2040,


PER CURIAM


Respondent Michael I. Braverman was admitted to the practice of law in the State of New York by the First Judicial Department on November 4, 1991, under the name Michael Ira Braverman. At all times relevant to this proceeding, he has maintained a law practice within the First Judicial Department.
The Attorney Grievance Committee commenced this proceeding by petition containing three charges (Judiciary Law § 90[2], Rules for Attorney Disciplinary Matters [22 NYCRR], § 1240.8), alleging that respondent was guilty of misconduct in violation of the Rules of Professional Conduct by, inter alia, aiding a nonlawyer in the unauthorized practice of law. Respondent permitted an unlicensed law school graduate employed by his office to, inter alia, attend various preliminary conferences and to sign preliminary conference orders and stipulations as "attorney for plaintiff," and to appear for a client at a deposition. Respondent has no disciplinary history during his over 25 years of practicing law and has fully cooperated with the Committee.
By joint motion, the Committee and respondent move, pursuant to 22 NYCRR 1240.8(a)(5), for discipline by consent and request that respondent be suspended from the practice of law for a period of three months. The parties' joint submission, is in accordance with the procedural requirements set forth in 22 NYCRR 1240.8(a)(5), includes a stipulation of facts, respondent's conditional admissions to the acts of professional misconduct and the specific rules he has violated (Rules of Professional Conduct [22 NYCRR 1200.00] Rules 5.5[b], 8.4[h]), and that he has freely and voluntarily given his consent to the agreed upon discipline and is fully aware of the consequences of such consent. The parties agree that a three-month suspension should be imposed for the subject violations and that such a sanction is supported by the mitigating factors and the relevant case law.
In light of respondent's admitted misconduct, the mitigating factors presented, and the absence of aggravating factors, suspension for a period of three months is warranted (see Matter of Lefkowitz, 47 AD3d 326 [1st Dept 2007]; Matter of Parker, 241 AD2d 208 [1st Dept 1998]).
Accordingly, the Committee and respondent's joint petition for discipline by consent is granted, and respondent suspended from the practice of law for a period of three months (M-3074); and the Committee's separately filed petition of charges should be denied as moot (M-2040).
All concur.
Order filed. [October 1, 2019]
The parties' motion for discipline by consent is granted, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective the date hereof, and until further order of this Court (M-3074). The Committee's Petition of Charges is denied as moot (M-2040).