Matter of Crowe (2022 NY Slip Op 00726)





Matter of Crowe


2022 NY Slip Op 00726


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Judith J. Gische
Angela M. Mazzarelli
Anil C. Singh
Peter H. Moulton, JJ.


Motion No. 2021-03603 Case No. 2020-04347 

[*1]In the Matter of Wayne F. Crowe, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Wayne F. Crowe, (OCA Atty. Reg. No. 4435087.), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on October 25, 2006.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Jun H. Lee, of counsel), for petitioner.
Peter Brill, Esq., for respondent.



Per Curiam 


Respondent Wayne F. Crowe was admitted to the practice of law in the State of New York by the Second Judicial Department on October 25, 2006. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
In November 2020, respondent was served with a petition of charges alleging 16 violations of the Rules of Professional Conduct (22 NYCRR 1200.00) based on seven complaints filed against him. The charges alleged that respondent had neglected legal matters, failed to promptly communicate with a client, failed to act with reasonable diligence and promptness and to provide competent representation, failed to promptly refund unearned legal fees, and engaged in conduct prejudicial to the administration of justice by, inter alia, offering to refund or pay monies in exchange for clients withdrawing their disciplinary complaints, in violation of rules 1.1(a), 1.3(a) and (b), 1.4(a)(1)(iii), 1.4(a)(3), 1.16(e), and 8.4(d).
Respondent denied liability, raised affirmative defenses, presented mitigation, and asked that the charges be dismissed in their entirety; or, in the alternative, that any misconduct found to have been committed be mitigated and he be privately admonished.
The Referee appointed by this Court issued a report sustaining charges 1, 2, 8, 9, 11, 12, and 14, and recommended that respondent receive an Admonition.
Now, by motion, the Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603-8(t)(4) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(b)(2), confirming the Referee's findings on liability as to the sustained charges, disaffirming the Referee's findings insofar as he dismissed charges 7 and 10 and his recommended sanction of Admonition, and instead imposing public discipline on respondent, and grant such other and further relief as this Court deems just and proper. Respondent opposes and asks us to affirm the Referee's report in full.
The Referee correctly sustained the following charges and misconduct: respondent engaged in conduct prejudicial to the administration of justice (four counts) by offering clients monies in exchange for withdrawal of their disciplinary complaints on two occasions (charges 8 and 12), by failing to comply with a scheduling order to submit papers (charge 1) and by failing to comply with a "no further adjournment" order (charge 2); neglected a legal matter (charge 9); failed to act with diligence and promptness in a legal matter (charge 11); and failed to promptly refund an unearned legal fee (charge 14).
The Referee erred in failing to sustain charges 7 and 10 where, contrary to the Referee's determination, one client's testimony about a quid pro quo offer was clear and not "confusing" and established a violation of 8.4(d) (charge [*2]7); and another client's testimony demonstrated that respondent and his firm failed to keep her reasonably informed about the status of her legal matter in violation of 1.14(a)(3) (charge 10).
A review of the sustained charges shows five separate clients over a period of approximately two years to have been affected by respondent's misconduct. Respondent's expressions of remorse were often tempered by his pointing to clients or other employees as being the responsible parties. It is notable that although respondent was advised against quid pro quo behavior in or about January 2018, he went on to present a similar refund offer to another client after she filed her complaint in August 2018. Respondent also failed to heed warnings regarding impermissible nonrefundable retainer fee language contained in his retainer agreements. We find a three-month suspension to be an appropriate sanction under the circumstances (see Matter of Alford, 166 AD3d 80 [1st Dept 2018]; Matter of Ioannou, 89 AD3d 245 [1st Dept 2011]; Matter of Ravitch, 82 AD3d 126 [1st Dept 2011]; Matter of Johannes, 66 AD3d 39 [1st Dept 2009]; see also Matter of Edelman, 86 AD3d 96 [1st Dept 2011]).
Accordingly, petitioner's motion should be granted to the extent of confirming the Referee's liability findings sustaining charges 1, 2, 8, 9, 11, 12, and 14; disaffirming the Referee's findings dismissing charges 7 and 10 and sanction recommendation, and instead sustaining both charges and imposing a three-month suspension.
All concur.
It is ordered that the Attorney Grievance Committee for the First Judicial Department's motion pursuant to 22 NYCRR 603.8-a(t)(4) and 1240.8(b)(2) with respect to respondent Wayne F. Crowe to confirm in part and disaffirm in part the Referee's report is granted to the extent of confirming the Referee's liability findings sustaining charges 1, 2, 8, 9, 11, 12, and 14, disaffirming the Referee's liability findings dismissing charge 7 and 10, and instead, sustaining those charges, and disaffirming the Referee's sanction recommendation of an Admonition, and respondent, Wayne F. Crowe, is suspended from the practice of law for a period of three months, commencing March 7, 2022, and continuing until further order of this Court, and
It is further ordered that, pursuant to Judiciary Law §?90, during the period of suspension and until such further order of this Court, respondent, Wayne F. Crowe, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
It is further ordered that respondent, Wayne F. Crowe, shall comply with the rules governing the conduct of disbarred or suspended attorneys[*3](see 22 NYCRR 1240.15) which are made a part hereof, and
It is further ordered that if respondent, Wayne F. Crowe, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: February 3, 2022