10-1790-ag
Sherpa v. Holder

BIA
Elstein, IJ
A096 265 980

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges*.

_____

PASANG SHERPA, AKA KISHWOR SHERPA,
> *Petitioner*,

> v.                                          10-1790-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:         Gary J. Yerman, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Melissa Lott, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pasang Sherpa, a native and citizen of Nepal, seeks review of the April 8, 2010, order of the BIA affirming the March 27, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for asylum, withholding of removal, and CAT relief. *In re Pasang Sherpa*, No. A096 265 980 (B.I.A. Apr. 8, 2010), *aff'g* No. A096 265 980 (Immig. Ct. N.Y. City Mar. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The government argues that Sherpa failed to exhaust any challenge to the IJ's adverse credibility determination by neglecting to address that determination on appeal to the BIA. We agree. While Sherpa stated in his Notice of Appeal to the BIA that he "was a credible witness," he failed to articulate any error in the IJ's credibility determination, or even acknowledge the IJ's specific findings. In his brief to this Court, Sherpa does not address the government's exhaustion argument, but instead challenges the IJ's credibility

determination with specificity.

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. *Id.* at 119-20. In particular, a petitioner must challenge all findings that are dispositive of his claims, and the failure to do so is fatal to his petition for review. *See Steevenez v. Gonzales*, 476 F.3d 114, 117-18 (2d Cir. 2007). Although this Court has held that it may consider an issue not raised by an applicant in the course of an appeal to the BIA when the BIA nevertheless addressed the issue, *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1993), the BIA did not excuse Sherpa's failure to exhaust when it explicitly noted that Sherpa did not challenge any of the IJ's findings with particularity. Therefore, considering Sherpa's new arguments would defeat the purpose of the issue exhaustion requirement – to allow the agency to review its own decisions for error after having the opportunity to consider the applicant's arguments. *See*

*Theodoropoulos v. I.N.S.*, 358 F.3d 162, 171 (2d Cir. 2004).

Even if we were to reach Sherpa's unexhausted arguments, they are entirely without merit.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4