Liu v. Holder

BIA
McManus, IJ
A098 906 657
A098 906 658

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

MEI HUI LIU, ANTONIO XU LIU,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

09-4748-ag
NAC

_____

FOR PETITIONERS:     Dehai Zhang, Flushing, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Ada E. Bosque, Senior
                     Litigation Counsel; Puneet Cheema,
                     Trial Attorney, Office of
                     Immigration Litigation, Civil
                     Division, United States Department
                     of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Mei Hui Liu ("Mei"), a native of China and citizen of Venezuela, and her son Antonio Xu Liu, a native and citizen of Venezuela, seek review of an October 22, 2009 decision of the BIA affirming the January 10, 2008 decision of Immigration Judge ("IJ") Margaret McManus denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Hui Liu, Antonio Xu Liu*, Nos. A098 906 657/658 (B.I.A. Oct. 22, 2009), *aff'g* Nos. A098 906 657/658 (Immig. Ct. N.Y. City Jan. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's opinion. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, petitioners have failed to

meaningfully argue in their appellate brief that: (1) they are entitled to asylum or withholding of removal because of persecution on account of Mei's membership in a particular social group; or (2) they are entitled to CAT relief. Accordingly, we do not address those arguments. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

The government also contends that because petitioners did not raise before the BIA two alleged incidents in which the Venezuelan police forced Mei to produce her identity card and required payments before releasing her, we lack jurisdiction to consider the arguments regarding those incidents that appear in the petitioners' brief. We do not decide the issue, but assume *arguendo* that we may consider arguments regarding those incidents because they are "specific, subsidiary legal arguments, or arguments by extension" in relation to the petitioners' arguments before the BIA. *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005); *see also* Steevenez v. Gonzales, 476 F.3d 114, 117 (2d Cir. 2007) (issue exhaustion is mandatory, not jurisdictional). Even considering those arguments, however, we conclude that the agency reasonably determined that petitioners failed to

3

demonstrate that they were targeted on account of their race or ethnicity.

The agency found that while the petitioners were the frequent victims of crime in Venezuela, they did not establish that they were targeted because they were ethnic Chinese or that there was a pattern or practice of persecution of ethnic Chinese persons in Venezuela. Petitioners argue that the agency erred in ignoring the background conditions which establish that their past mistreatment was on account of their race and that there is a pattern and practice of discrimination against the ethnic Chinese in Venezuela. However, there is no indication that the agency ignored any material evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before h[er], unless the record compellingly suggests otherwise."). In fact, the agency specifically addressed the background evidence, stating that it had considered this information and that, while the background materials indicated that human rights abuses have been taking place in Venezuela, these materials did not establish that there is widespread discrimination against Chinese

4

persons.

Moreover, the agency's denial of relief is supported by substantial evidence. The agency reasonably concluded that the petitioners, although they were the unfortunate victims of general crime, failed to establish that they were persecuted in the past or would be persecuted in the future on account of a protected ground. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (explaining that the existence of general crime does not support an asylum claim). The petitioners provided no evidence of the motivations of the perpetrators, beyond Mei's speculation that the police targeted the Chinese for identity checks, which the agency reasonably noted was without any support in the record. The news articles that the petitioners provided, which note a single anti-Chinese riot and that some ethnic Chinese persons have been the victims of crime, do not compel the conclusion that the Venezuelan government or people generally discriminate against the ethnic Chinese. *Cf. Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight afforded to State Department country reports lies largely within the discretion of the agency). Rather, as the agency noted, the State Department's 2004 and 2005 reports on

5

conditions in Venezuela, which were part of the agency record, did not even mention discrimination against the ethnic Chinese. *See id.* at 341 ("[A] report from the State Department is usually the best available source of information on country conditions." (internal quotation marks omitted)).

Thus, the agency reasonably decided that petitioners did not meet their burden of proving past persecution or a well-founded fear of future of persecution on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42). Because the petitioners were unable to meet their burden for asylum, they necessarily failed to meet the higher burden required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk