Manley v. Barr
BIA
Sagerman, IJ
A206 471 587

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of July, two thousand nineteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        DENNY CHIN,
            *Circuit Judges.*
_____

DUJON LUTHER MANLEY,
        *Petitioner,*

        v.                                          16-2640
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Ishan K. Bhabha, Jenner and Block
                         LLP, Washington, DC.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Linda S.
                         Wernery, Assistant Director;
                         Gregory M. Kelch, Trial Attorney,
                         Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dujon Luther Manley, a native and citizen of Jamaica, seeks review of a July 18, 2016, decision of the BIA affirming the January 22, 2016, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Dujon Luther Manley,* No. A206 471 587 (B.I.A. July 18, 2016), *aff'g* No. A206 471 587 (Immig. Ct. Napanoch Jan. 22, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our jurisdiction is limited to constitutional claims and questions of law given that Manley is removable by reason of having been convicted of a controlled substance offense and an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *see also Ortiz-Franco v. Holder*, 782 F.3d 81, 91 (2d Cir. 2015).

2

We review such claims de novo. *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007).

We find no error in the BIA's determination that Manley waived on appeal any challenge to the IJ's findings that his conviction was for a particularly serious crime barring him from withholding of removal and that he was not credible as to his CAT claim. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA."). Even liberally construing Manley's pro se brief to the BIA, he did not challenge the IJ's specific findings that he failed to submit any of the evidence required to rebut the presumption that his drug trafficking conviction was a particularly serious crime or that his testimony was not plausible and his evidence not consistent to credibly establish his eligibility for CAT relief. *See id.* at 117-18. Accordingly, we may not consider those unexhausted issues, which were dispositive of withholding of removal and CAT relief.* *See id.*

We decline to hold Manley's petition in abeyance pending resolution of his appeal of the denial of his motion to vacate

---

* We note that, contrary to Manley's contentions, he did not provide any objective evidence to rebut the presumption that his conviction was for a particularly serious crime and he

his conviction in state court because his conviction is final for immigration purposes, *see Montilla v. INS*, 926 F.2d 162, 164 (2d Cir. 1991); *Matter of J.M. Acosta*, 27 I. & N. Dec. 420, 432 (BIA 2018), and his motion to vacate appears to be without merit given that he was warned of the immigration consequences of his guilty plea, *Padilla v. Kentucky*, 559 U.S. 356, 368-69 (2010).

For the foregoing reasons, the motion to hold the petition in abeyance and the petition for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

---

was found not credible based on more than just the implausibility of his testimony.

4